UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEITH PENTON                                                                                      PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:25-CV-204-KHJ-MTP

CITY OF PEARL POLICE DEPARTMENT and
CITY OF PEARL                                                                                  DEFENDANTS

ORDER

Pro se Plaintiff Keith Penton's ("Penton") [1] Complaint is before the Court, sua sponte, for consideration of dismissal. For the reasons stated below, the Court dismisses Penton's [1] Complaint as frivolous under 28 U.S.C. § 1915 and for failure to state a claim.

I.   Facts and Procedural History

Penton is incarcerated with the Mississippi Department of Corrections. Compl. [1] at 5. He brings this action under 42 U.S.C. § 1983, alleging constitutional violations related to his arrest and resulting conviction. *Id.*

The City of Pearl Police Department ("PPD") arrested Penton at a traffic stop in February 2021. *Id.* Penton claims six police officers, including the Chief of PPD, beat him and stripped him of his clothes. Pl.'s Mot. [8] at 1–2; [1] at 5. Penton also challenges his conviction for second degree murder. [8] at 2. He claims his guilty plea was involuntary, his defense counsel was ineffective, and he was denied a change of venue. *Id.*

Penton filed this Section 1983 claim on March 24, 2025, seeking

compensatory and punitive damages. [1] at 5, 11. But he filed similar claims on at least two other occasions. His first claim was voluntarily dismissed without prejudice. *Penton v. Doe*, No. 3:23-CV-372 (S.D. Miss. Oct. 24, 2023). Penton's second lawsuit was dismissed in January 2025 for failure to state a claim. *Penton v. City of Pearl*, No. 3:24-CV-107 (S.D. Miss. Jan. 10, 2025) (Final Judgment). In doing so, the Court explained its dismissal was with prejudice because the statute of limitations had run. *Penton v. City of Pearl*, No. 3:24-CV-107 (S.D. Miss. Dec. 20, 2024) (Order of dismissal).

II.   Analysis

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915. Under the statute, the Court must dismiss the action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). The Court can "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citation modified). The Court can also "consider . . . affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). And the Court may "test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*

2

Because the Court permitted Penton to proceed *in forma pauperis,* his [1] Complaint is subject to sua sponte dismissal under Section 1915. The Court dismisses Penton's arrest claims as frivolous and the rest of his [1] Complaint for failure to state a claim until Plaintiff's conviction has been invalidated.

A. Arrest Claims

Penton's claims related to his February 21 arrest are untimely. "Because no specified federal statute of limitations exists for [Section] 1983 suits, federal courts borrow the forum state's general or residual personal-injury limitations period, which in Mississippi is three years." *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012) (citations omitted). But federal law determines when the limitations period begins to accrue. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). These claims began to accrue when Penton knew or reasonably should have known of his injury. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Viewed in the light most favorable to Penton, the arrest claims accrued on February 21, 2021. This is the date that Penton says he was arrested, beaten, and stripped of his clothes by PPD officers. [1] at 5; [8] at 1–2. Penton admits that when PPD officers brought him out of the station naked, the Walthall County Sherrif's deputy said they could not put Penton in the car "like that" and "made them given [Penton] some clothing." [8] at 1–2. So Penton was aware of his alleged injuries on February 21, 2021 and had until February 21, 2024 to file claims relating to his arrest. But Penton did not file the instant civil action until March 24, 2025. *See*

3

*Edmonds*, 675 F.3d at 916 (recognizing a three-year statute of limitations for personal injury claims under Mississippi law). Therefore, his arrest claims are untimely unless the statute of limitation is tolled.

The Court applies state law to determine whether the statute of limitations is tolled. *Wallace,* 549 U.S. at 395. Under Mississippi law, filing a complaint usually tolls the statute of limitations. *Coleman v. Stan King Chevrolet, Inc.*, 378 So. 3d 964, 969 (Miss. 2024). Filing a complaint tolls the statute of limitation for the time necessary to obtain service of process, including any extensions of time. *Unruh v. Johnson*, 404 So. 3d 1166, 1173 (Miss. 2025). If the plaintiff serves the defendant, the statute of limitations is tolled until the litigation ends. *Sweet Valley Missionary Baptist Church v. Alfa Ins. Corp.,* 124 So. 3d 643, 645 (Miss. 2013). But filing "a complaint does not toll the statute of limitations when the plaintiff voluntarily dismisses the suit." *Koestler v. Miss. Baptist Health Sys.*, 45 So. 3d 280, 283 (Miss. 2010).

Penton's two prior lawsuits did not toll the statute of limitations for his arrest claims. First, Penton voluntary dismissed his first lawsuit against John Doe. *Penton v. Doe*, No. 3:23-CV-372 (S.D. Miss. Oct. 24, 2023). This voluntary dismissal is not enough to toll the statute of limitations here. *See Koestler*, 45 So. 3d at 283. Penton's second lawsuit —this time against the City of Pearl—was filed on the last day of the limitations period (February 21, 2024). *Penton v. City of Pearl*, No. 3:24-CV-107 (S.D. Miss. Dec. 20, 2024) (Order of dismissal). And Penton timely served

4

the City with process. *Id.* As a result, the statute of limitation was tolled until the case was dismissed on January 10, 2025. *Penton v. City of Pearl*, No. 3:24-CV-107 (S.D. Miss. Jan. 10, 2025) (Final Judgment).

Therefore, the limitations period for this claim expired January 10, 2025, and Penton's [1] Complaint is untimely. The Court finds no other reason to toll the limitations period for the arrest claims under state law. *See* Miss. Code Ann. §§ 15-1-57, 15-1-59, 15-1-67. On that basis, the Court dismisses Penton's arrest claims with prejudice because they are untimely and legally frivolous under Section 1915. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

B.  Wrongful Conviction Claims

This leaves Penton's wrongful conviction claims. To bring this type of Section 1983 claim, Penton must prove that his conviction was invalidated. "A state prisoner's Section 1983 action is barred . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). In other words, Penton can only bring this claim after he proves his state court conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

At bottom, Penton's Section 1983 claim fails without an invalidated conviction. Penton claims that he is innocent, that his trial should have been moved

5

because of bias, that his plea was unknowing and involuntary, and that his trial counsel was ineffective. [1] at 5; [8] at 1–2. If Penton proves any of these allegations, he will necessarily invalidate Penton's conviction. Therefore, his wrongful conviction claims may only proceed if he proves the conviction has been invalidated through one of the four procedures outlined in *Heck*. *Heck*, 512 U.S. at 486–87. But Penton offers no evidence that his conviction is invalid.

As a result, the Court must dismiss this action with prejudice for failure to state a claim, until Penton invalidates his conviction via appeal, post-conviction relief, or habeas corpus relief. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

III.  Conclusion

For the reasons stated above, the Court DISMISSES Penton's [1] Complaint with prejudice. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 28th day of August, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE